STATE OF GEORGIA v. JENNINGS, CLERK.

1. RES JUDICATA.—The previous orders in this proceeding did not prevent the Judge from granting the order prayed for.
2. RECORDS—CIRCUIT JUDGE.—A Circuit Judge has no power to order records of the Circuit Court removed outside the limits of the State.

Before BUCHANAN, J., Fairfield, February, 1897. Affirmed.

Petition by Fred. T. Lockhart, solicitor general *pro tem.* of Richmond County, State of Georgia, praying that R. H. Jennings, clerk of court, be ordered to deliver to him, to be carried to State of Georgia, a certain mortgage, a part of a foreclosure judgment in the Circuit Court of Fairfield County, to be used by him as evidence in a criminal cause. Prayer refused. Petitioner appeals.

*Mr. P. H. Nelson,* for appellant, cites: 2 Burrows K. B. R., 1034; 54 Ind., 541; 19 Me., 33; 73 Me., 272; 22 Pick., 500; 50 Ill., 517; 6 Cush., 185; Rev. Stat., 786; 14 S. C., 42.

*Mr. J. E. McDonald,* contra (oral argument).

July 22, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following facts are stated in the case, to wit: "This was an application made by the

State of Georgia, through her duly authorized officer, to the Circuit Court of Fairfield County, South Carolina, for the use of a record of the latter Court, as evidence in a prosecution, instituted in the Court of Georgia, for the crime of forgery, alleged to have been committed in the city of Augusta, in the said State of Georgia, and was presented to his Honor, Judge Buchanan, in open Court, on the 18th day of February, 1897. The forgery charged in the indictment attached to the petition consisted in the signing of the name of Mrs. Ella R. Mobley to a renunciation of dower, taken in the city of Augusta, on a mortgage of property, situated in Fairfield County, S. C., which said mortgage had been foreclosed in the Court of Common Pleas for Fairfield, and filed as a part of the original record of the said Court in the foreclosure proceedings. Judge Buchanan granted the petition, and ordered the clerk of Fairfield County to forward the record to the clerk of the court of Richmond County, Georgia. Subsequently, on the same day, but after the departure of the representative of the State of Georgia, and without any notice, Judge Buchanan revoked the order granting the petition. This appeal is from the order of revocation."

The order of revocation is as follows: "The within order having been denied and refused on a showing made on the merits by Judges Witherspoon and Townsend, and no permission to renew the said motion, before any other Circuit Judge, having been given, and there not appearing any such permission in such record, and the within order having been signed before the previous matters were called to my attention, it is ordered that the within order be revoked."

In order to understand clearly the grounds upon which the Circuit Judge revoked his previous order, it will be necessary to state briefly the proceedings before Judges Townsend and Witherspoon. Mrs. Ella R. Mobley filed a petition addressed to the Court of Common Pleas of Fairfield County, in which she prayed for an order by the said Court allowing the removal from its files of an original

mortgage, to be used before the Superior Court of Rich-
mond County, as evidence to sustain a criminal prosecution
for forgery.   On the 20th of September, 1895, his Honor,
Judge Townsend, granted an order in pursuance of said pe-
tition, but on the 23d of October, 1895, granted an order
revoking his previous order, and further ordered, that it be
referred to R. H. Jennings, clerk of said court, to take tes-
timony and make his report upon the facts alleged in the
petition.   R. H. Jennings, clerk, made his report, as special
referee, on the 11th of February, 1896, the concluding part
of which is as follows: "I find, as matter of fact, as appears
from the testimony, that Mrs. Ella R. Mobley did duly re-
nounce her dower before W. L. Brenner, a commissioner of
deeds for South Carolina, at Augusta, Ga., upon the mort-
gage marked exhibit A, as purported to have been done. I,
therefore, recommend that her petition for the removal of
the original mortgage be refused."

His Honor, Judge Witherspoon, on the 10th of March,
1896, granted the following order, to wit: "Mrs. Ella R.
Mobley, by her petition to this Court, prays for an order of
this Court authorizing the clerk of court to remove from
the records of this Court, and to deliver to the solicitor
general of the Superior Court of Richmond County, in the
State of Georgia, a part of the original record in a judg-
ment of foreclosure, to be used in said Court in Georgia in
a criminal prosecution for forgery.   The petitioner alleges
that her husband executed a mortgage of certain real estate
in Fairfield County, and that said mortgage is now a part
of the records of this Court in a judgment of foreclosure.
The petitioner further alleges that, while she was a resident
of the city of Augusta, Georgia, the petitioner's name was
forged and signed in said city of Augusta, Georgia, to what
purports to be a renunciation of petitioner's dower on said
mortgage.   The petitioner further alleges that she wishes
to institute a prosecution for forgery in the Superior Court
of Richmond County, Georgia, against the party or parties
alleged to have forged and signed her name to the renunci-

ation of dower on said mortgage, and that said prosecution cannot be sustained in said Court without the production before said Court of the original mortgage on file in this Court. I have not been furnished with any authority, or even precedent, in support of the prayer of the petitioner. The petitioner cannot be regarded as representing the solicitor general of the Superior Court of Richmond County. There is no evidence before me that the solicitor general of the Superior Court of Richmond County contemplates the prosecution referred to by the petitioner, or that he desires the production in said Court of the original mortgage referred to by the petitioner. It seems to me that it would be a dangerous precedent to establish, to authorize the transfer of the *original records of this Court* beyond the limits of the State and the jurisdiction of this Court. It is, therefore, ordered, that the prayer of the petition of Mrs. Ella R. Mobley be *refused* and that said *petition be dismissed.*" No appeal was taken from the orders of Judges Townsend and Witherspoon.

The appellant's exceptions complain of error on the part of the Circuit Judge as follows: "1. In holding that the proceedings referred to in his order appealed from, and instituted before Judge Townsend, were the same as the proceedings instituted before him; whereas, it is respectfully submitted, they are wholly dissimilar, the one being a proceeding instituted by a citizen for the removal of a record, to which proceeding the State of Georgia was not a party; the other a proceeding instituted by the duly authorized officer of the State of Georgia, on behalf of its Court, asking the use of evidence in the custody of the Court of this State, for a proceeding duly instituted in the Courts of the said State of Georgia. 2. That the order of his Honor revoking his former order is based upon a misapprehension of the facts."

The appellant's first exception points out the difference in the proceedings commenced before his Honor, Judge Townsend, and those before his Honor, Judge Bu-

chanan, and this Court is satisfied that his Honor, Judge Buchanan, was not prevented, by the order of his Honor, Judge Witherspoon, from granting the order for which the petitioner prayed.

The appeal, however, cannot be sustained because it presents a purely abstract question. Section 307, Criminal Code, is as follows: "If any clerk of any court of record, judge of probate, master, register of mesne conveyances, or sheriff, shall allow any record, or any part thereof, to be taken or removed from their respective offices by any person or persons whomsoever, he shall be deemed guilty of a misdemeanor, and, upon conviction thereof, he shall be punished by a fine of $50 for the first offense, and for the second and any subsequent offense by a fine of $100: *Provided*, That nothing herein contained shall be held to apply to the attendance of any of the said officers with any of the records of their respective offices in any court or courts when the actual production of such record is required, by the proper process of such court, for the purpose of evidence, in any trial or trials then proceeding therein: *Provided*, *also*, That the provisions of this section shall not apply to the taking or removal of any books or records where the same is done under any order of a Circuit Judge for the better preservation or protection of the same." It will thus be seen that the Circuit Court has no power to order records removed outside the limits of the State, even if so inclined. Therefore, as the appellant can receive no benefit, even if the appeal should be sustained, except by a violation of our statute law, the first exception, for this reason, is overruled, and the second exception is overruled, because it is too general for consideration, as it does not point out the facts alleged to have been misapprehended.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.